IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**ROBERT L. ELLIS**                                                                          **PLAINTIFF**
**Personal Representative of the Estate of**
**Dorothy F. Bishop, Deceased**

v.                                                    1:12CV00027 BRW

**DEPARTMENT OF HEALTH AND**                                                **DEFENDANT**
**HUMAN SERVICES,** *et al***.**

## ORDER

Pending is Defendants' Motion to Dismiss (Doc. No. 6). Plaintiff has not responded, and the time for doing so has passed.[1] For the reasons set out below, the Motion is GRANTED.

Medicare is a federally funded health insurance program for the elderly and disabled. On May 14, 2010, Dorothy Bishop, a Medicare beneficiary, died from injuries she sustained in an August 18, 2009 car accident.[2] Two insurance companies paid policy limits in connection with Ms. Bishop's accident in a total amount of $75,000.[3] A Medicare Secondary Recovery Contractor ("MSPRC") issued a demand for payment to the decedent's estate in the amount of $49,228.04.[4] The demand letter explained that "the law requires Medicare to recover . . . payments if payment of a liability settlement, judgment, recovery, or award has been or could be made."[5] The letter also explained the beneficiary's right to request a waiver if she disagreed with the amount she allegedly owed, and set out the beneficiary's right to appeal the

---

[1] A response was due by Thursday, April 19, 2012.

[2] Doc. No. 7.

[3] *Id*.

[4] *Id*.

[5] Doc. No. 7, Ex. 3.

determination within 120 days.[6]  On August 30, 2011, Plaintiff asked for a partial waiver of the demand in the amount of $25,000,[7] but, based on the record, never appealed the determination.

The MSPRC denied Plaintiff's request for waiver on March 3, 2012.[8]  The denial again outlined the recipient's right to appeal: "you have 120 days from the date you received this letter to request a redetermination (to appeal our waiver of recovery determination)."[9]  I am not aware of whether Plaintiff appealed this denial, and the time for doing so has not yet run.

Under the Medicare regulations, there is a detailed administrative review process available to a beneficiary who is not satisfied with the result she received.[10]  The last step in the process is judicial review.  As set out above, Plaintiff apparently has not appealed the denial of the request for waiver, and she still has time to do so.  Until Plaintiff has exhausted the available administrative remedies and a final decision has been issued, this Court lacks jurisdiction.[11]  Accordingly, Defendants' Motion to Dismiss is GRANTED and this case is DISMISSED without prejudice.

IT IS SO ORDERED this 23rd day of April, 2012.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[6]*Id.*

[7]Doc. No. 7, Ex. 5.

[8]Doc. No. 7, Ex. 7.

[9]*Id.*

[10]42 U.S.C. § 1395ff; 42 C.F.R. § 405.940 *et seq*.

[11]42 C.F.R. § 405.1130.